# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC | § § § | |
| V. | § § | CASE NO. 4:10-CV-619<br>Judge Schneider/Judge Mazzant |
| CITIMORTGAGE, INC.<br>and MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC. | § § § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Pending before the Court is CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. #10). The Court, having considered the relevant pleadings, finds that Defendants' Motion to Dismiss should be granted in part and denied in part.

Plaintiff filed his Original Petition in the 380th Judicial District Court of Collin County on October 29, 2010, against CitiMortgage, Inc. ("CitiMortgage"), seeking to extinguish CitiMortgage's security interest through a quiet title claim. On November 10, 2010, CitiMortgage removed this case to this Court (Dkt. #1). On January 7, 2011, Plaintiff filed its Amended Complaint (Dkt. #6). Mortgage Electronic Registration Systems, Inc. ("MERS") was added as a Defendant.

On or about April 7, 2008, Robert A. Ross, II and Lisa M. Ross (the "Rosses") purchased the property located at 1410 Cedar Lake, Prosper, Texas (the "Property") and executed a Note and Deed of Trust. The Note and Deed of Trust was in the name of Bankers Financial Mortgage Group. The Deed of Trust named MERS as a beneficiary, as nominee for Bankers Financial Mortgage Group. On September 7, 2010, Plaintiff purchased the Property through "a junior lien foreclosure sale." On December 23, 2009, MERS recorded an Assignment of Deed of Trust to CitiMortgage.

Nate Blackstun ("Blackstun") executed the assignment on MERS' behalf.

Plaintiff alleges that the assignment by MERS to CitiMortgage is void for the following reasons: (1) Blackstun was not appointed as vice president by MERS' board of directors; and (2) MERS was without authority to transfer the Note. Plaintiff claims that the Deed of Trust is a cloud on its title and sues to quiet title in the Property and claims the assignment violates Chapter 12 of the Texas Civil Practices and Remedies Code. Alternatively, Plaintiff sues to enforce its equity in redemption.

On February 25, 2011, Defendants filed their motion to dismiss (Dkt. #10). On March 14, 2011, Plaintiff filed a response (Dkt. #12). Defendants filed a reply on March 24, 2011 (Dkt. #15).

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable

to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 469 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When

3

ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

Defendants move to dismiss all claims, asserting that Plaintiff has failed to plead facts that would support a request to quiet title. First, Plaintiff asserts a claim to quiet title. Plaintiff argues that the original payee of the Note no longer owns and holds the Note and therefore may not enforce the Deed of Trust. Plaintiff also alleges that Blackstun has no authority to execute the assignment to CitiMortgage.

Defendants move to dismiss this claim because Plaintiff cannot plead sufficient facts to prevail on a trespass-to-try-title case. Specifically, Defendants assert that Plaintiff fails to adequately explain why the Deed of Trust is void merely because the assignment is allegedly void. Defendants also assert that Plaintiff cannot sue to quiet title relying on nothing more than a purported weakness in its opponents' claim.

"To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)(citation omitted). "The

4

pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted).

Defendants assert that the only way Plaintiff can extinguish their interest in the Property is to plead and prove a trespass-to-try-title action based upon Plaintiff's superior title to the Property. The Court agrees. Plaintiff does not assert a superior title, and it alleges no facts that would support this claim. Plaintiff merely asserts legal conclusions, and until Plaintiff pleads a proper claim to a superior title, Plaintiff's claim is not plausible.

Although the factual situation does raise interesting questions under Texas law regarding the splitting of the Deed of Trust from the Note, this issue has not been properly presented to this Court. Even if CitiMortgage is not the holder of the Note, Plaintiff purchased the Property at an inferior loan foreclosure and took the Property subject to superior liens. "Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed. In fact, the general rule is that the successful bidder at a junior lien foreclosure takes title subject to the prior liens." *Conversion Properties, L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.-Dallas 1999, pet. denied)(citations omitted). Because Plaintiff has failed to allege that it owns superior title to the Property, its claim to quiet title should be dismissed. Furthermore, Plaintiff's complaint is regarding the assignment, and no facts are pleaded that the Deed of Trust is invalid.

Defendants move to dismiss Plaintiff's second claim for equity of redemption because Plaintiff has not tendered the redemption amount. Defendants assert that although Plaintiff asserts it is "ready, willing and able to cure any default under the note," this allegation is insufficient to satisfy the requirements of Plaintiff's equitable claim. Defendants assert that Plaintiff cannot obtain equity without first tendering the redemption amount, which would be the full amount of

CitiMortgage's lien and its foreclosure costs, not merely the amount in default.

Texas courts have made clear that "a necessary prerequisite to the ... recovery of title ... is tender of whatever amount is owed on the note." *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see also Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.-Fort Worth 1999, pet. denied); *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.-Houston [1st Dist.] 1982, no writ). "[I]t is a principle of equity that to obtain equitable relief the applicant must have done equity." *Grella*, 647 S.W.2d at 18. Plaintiff's failure to "do equity"-that is, its failure to tender the amount due on the loan-prevents this Court from granting Plaintiff equitable relief. *See Lambert*, 993 S.W.2d at 835-36.

Plaintiff asserts that CitiMortgage has never advised Plaintiff the sum of money required to be tendered in order to cure any default under the underlying Note. Plaintiff's argument is misplaced. In Texas, "[t]ender of whatever sum is owed on the mortgage debt is a condition precedent" to recovery of title. *See Fillion*, 709 S.W.2d at 246 (citing *Willoughby v. Jones*, 151 Tex. 435, 251 S.W.2d 508 (Tex. 1952)). Plaintiff has not tendered the amount CitiMortgage claims is owed on the loan, nor has it attempted to tender any other amount. Plaintiff's failure to affirmatively demonstrate its ability to tender any amount bars the Court from granting Plaintiff equitable relief.

Defendants next move to dismiss Plaintiff's claim under Chapter 12 of the Civil Practices and Remedies Code because Plaintiff failed to satisfy Federal Rule of Civil Procedure 9(b).

Section 12.002(a) of the Texas Civil Practices and Remedies Code establishes the requirements for a fraudulent lien cause of action as follows:

> A person may not make, present, or use a document or other record with:
> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
> (3) intent to cause another person to suffer:
> (A) physical injury;
> (B) financial injury; or
> (C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code § 12.002(a).

Someone who violates the fraudulent lien statute may become liable to an injured person to the greater of $10,000 or the actual damages caused by such violation in addition to incurring liability for court costs, reasonable attorney's fees, and even exemplary damages as determined by the court. Tex, Civ. Prac. & Rem. Code § 12.002(b).

Section 12.002 requires a showing that Defendants made, presented, or used a document with: (1) knowledge that the document was a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given legal effect; and (3) intent to cause another person to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress. Tex. Civ. Prac. & Rem. Code § 12.002(a); *see Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App.-Dallas 2008, no pet.). Plaintiff has the burden to prove all three elements of its claim. *See Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 896-97 (Tex. App.-Dallas 2008, no pet.). In the context of Section 12.002(a)(3), Texas courts have interpreted the "intent" element to require only that the person filing the fraudulent lien be aware of the harmful effect that filing such a lien could have on a landowner. *Taylor Elec. Services, Inc. v. Armstrong Elec. Supply Co.*, 167 S.W.3d 522, 531-32 (Tex. App.-Ft. Worth 2005, no pet.).

Defendants assert that Plaintiff's section 12.002 claim lacks plausibility because it rests on

legal conclusions instead of facts and that Plaintiff has failed to allege facts to show that MERS made, presented or used the assignment with knowledge that it was a fraudulent court record or a fraudulent lien or claim against the Property, that MERS intended the assignment be given the same legal effect as a court record evidencing a valid lien against the Property, and that MERS intended to cause another person to suffer financial injury.

Defendants argue that Plaintiff alleges that MERS' corporate secretary appointed Blackstun as a MERS assistant secretary, and the appointment was not valid because Blackstun's appointment was not also approved by MERS' board of directors, as allegedly required by MERS' by-laws. Defendants argue that this is negligence at best, and not fraud. Defendants also assert that the party that would be the defrauded party would be MERS, not Plaintiff, and that Plaintiff's interest in the Property is wholly unaffected by the assignment.

Plaintiff argues that the Assignment filed in the property records is a fraudulent lien claim. Plaintiff alleges that the assignment is void because it was executed by a person neither employed nor authorized by MERS to execute a conveyance. Plaintiff alleges that MERS intended that the document be given the same effect as a lawfully executed instrument, and the execution and filing of the documents were done for the purpose of harming Plaintiff. Plaintiff alleges that there was a scheme on the part of a MERS officer to bypass the Board of Directors and cloak others with authority only allowed by the Board of Directors. Plaintiff argues that this is not an inadvertent failure to comply with a duty, but rather an intentional act, done knowingly with the specific intent that the consequences of his action be brought to fruition.

In this case it is alleged that MERS did not properly appoint Blackstun as an officer of MERS and that Blackstun did not have authority to bind MERS, and when Blackstun executed the assignment, it caused MERS to file a fraudulent document in the deed records. The Court finds that

Plaintiff has stated a plausible claim, in part, because Defendants fail to address the issue of the legal effect of Blackstun not being authorized to execute the assignment. If he had no such authority, MERS would know that fact. It appears to be more than mere negligence by MERS. Discovery should be allowed, and after discovery is completed, the issue of whether there is a valid claim under §12.002 can be determined by a motion for summary judgment.

## RECOMMENDATION

Based on the foregoing, the Court recommends that CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. #10) should be GRANTED in part and Plaintiff's quiet title and equity of redemption claims should be DISMISSED with prejudice. Plaintiff's claim for violation of the Civil Practices and Remedies Code § 12.002 should remain at this time.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of April, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE